UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CALEB O. MUSA,<br><br>Petitioner,<br><br>v.<br><br>HAMPSHIRE COUNTY HOUSE OF CORRECTION, et al.,<br><br>Respondents. | Civil Action No. 26-30159-MGM |

MEMORANDUM AND ORDER
September 25, 2026

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

*Pro se* Petitioner, a pretrial detainee currently confined to the Hampshire County Jail and House of Correction, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1 ("Petition")). Petitioner alleges that his detention violates various Constitutional provisions including his Fifth and Fourteenth Amendment rights to due process. (*Id.* at 5-6.) The crux of Petitioner's grievance is that he has been held in "pretrial detention [for] more than 10 months." (*Id.* at 5.) With the petition, Petitioner also filed motions for appointment of counsel, to proceed pseudonymously, and to seal. For the reasons stated below, the petition and motions are DENIED and this action is DISMISSED.

## II. PRELIMINARY REVIEW

The petition has not been served on Respondent, pending this court's preliminary review. *See* 28 U.S.C. § 2243; *see also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (explaining that a court "*must dismiss*" a petition if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court" (emphasis added)). "Rule 4 may be

applied at the discretion of the district court to other habeas petitions." *Rogopoulos v. Ratliff-Walker*, 2021 WL 3486432, at *1 (D. Mass. July 20, 2021) (citation omitted).

Even *if* Petitioner alleges bona fide Constitutional violations, which this court is not convinced Petitioner does, *Younger* abstention dictates this court deny the pending petition. "[U]nder *Younger v. Harris*, 401 U.S. 37 (1971), 'a federal court must abstain from hearing a case if doing so would needlessly inject the federal court into ongoing state proceedings.'" *Wallace v. Tompkins*, 2023 WL 6930817, at *2 (D. Mass. Oct. 19, 2023) (quoting *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010)). *Younger* abstention applies so long as the federal claims can be resolved "somewhere in the state process." *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 36 (1st Cir. 2004) (citation omitted). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Superior Ct. of Puerto Rico for Dist. of Arecibo*, 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). "Younger abstention [even] applies to pretrial matters," with some limited exceptions. *Williams v. Massachusetts*, 2025 WL 448837, at *1 (D. Mass. Feb. 10, 2025) (citation omitted).

Petitioner has not shown that this case is an extraordinary one in which the state courts are incapable of adjudicating Petitioner's various Constitutional claims. Because Petitioner can adequately raise his Constitutional claims with the state courts, this court will not "needlessly inject" itself into the ongoing state's criminal proceeding. At bottom, the principles of comity dictate that this court not exercise its jurisdiction to hear the pending petition. *See Marshall v. Bristol Superior Ct.,* 753 F.3d 10, 17 (1st Cir. 2014) ("*Younger* is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable

considerations of comity." (citing *Spargo v. N.Y. State Comm'n on Judicial Conduct,* 351 F.3d 65, 74 (2d Cir. 2003))). For the foregoing reasons, Petitioner's habeas petition, (Dkt. No. 1), is DENEID.

## III. THE MOTION FOR APPOINTMENT OF COUNSEL

Having denied Petitioner's habeas petition, this court DENIES Petitioner's motion to appoint counsel as MOOT.

## IV. THE MOTION TO PROCEED PSEUDONYMOUSLY

Petitioner filed a motion to proceed pseudonymously, explaining that he wants his identity to remain private. (Dkt. No. 1-1 at 4-5.) But Petitioner's filing of a habeas petition by using his real name forecloses such a request. As the First Circuit has explained "pseudonymity will never be justified when the public disclosure that the party seeks to forestall is already a fact." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 72 n.3 (1st Cir. 2022) (citing *Kansky v. Coca-Cola Bottling Co. of New England,* 492 F.3d 54, 56 n.1 (1st Cir. 2007)); *see also Liu v. Zwicker & Assocs., P.C.,* 2026 WL 524163, at *2 (D. Mass. Feb. 25, 2026) ("Because [Plaintiff] has already filed the complaint . . . using his real name, pseudonymity is not warranted."). Petitioner's motion to proceed pseudonymously is, therefore, DENIED.

## V. THE MOTION TO SEAL

In his motion to seal, (Dkt No. 1-1 at 6), Petitioner seeks to have the court "seal all documents previously filed in this action pursuant to Title 28 U.S.C. 2241, [and] all future filings as well to be sealed and redacted." (*Id.*) But such a bare request, without more, does not warrant the categorical sealing of documents.

Because the public has a "presumptive" right of access to judicial documents, *United States v. Kravetz,* 706 F.3d 47, 59 (1st Cir. 2013) (citing *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)), "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" *Id.* (quoting *In re Providence Journal Co.*, 293

F.3d 1, 10 (1st Cir. 2002)). To overcome this presumption of public accessibility, a party must file a motion demonstrating that sealing particular information is essential to preserve sensitive personal data. In particular, the request must be limited to specific, sensitive information rather than entire documents, allowing for redaction of public filings. *See., e.g.*, *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 863 F. Supp. 2d 122, 123 (D. Mass. 2012) (denying, without prejudice, plaintiff's motion to seal because "plaintiff's proposed redactions appear[ed] overly broad"). Here, Petitioner did not file a motion articulating "compelling reasons" for sealing any portion of the documents, nor did he propose specific redactions. Accordingly, Petitioner's motion to seal is DENIED without prejudice.

Petitioner may seek leave to file publicly available, redacted versions of the pleadings on the docket. If Petitioner wishes to do so, however, he must file a motion and memorandum of law that complies with Local Rule 7.2, demonstrating good cause for filing a redacted pleading. "What constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal [or portion thereof], depends on the nature of the filing." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015). The court will review the Petitioner's filings, the proposed redactions, and may accept, reject, or modify such proposed redactions. If Petitioner seeks to leave to file redacted pleadings, he shall file such motion and memorandum within forty-five (45) days of this Memorandum and Order.

## VI. CONCLUSION

For the reasons set forth above,

1. The court orders that the habeas petition be DENIED and this action be DISMISSED.
2. Petitioner's motion for appointment of counsel is DENIED as MOOT.
3. Petitioner's motion to proceed pseudonymously is DENIED.

4. Petitioner's motion to seal is DENIED WIHOUT PREJUDICE. If Petitioner wishes to seek leave to file redacted pleadings, he shall file such motion and memorandum within forty-five (45) days of the date of this Memorandum and Order.

5. The clerk shall enter a separate order of dismissal.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge